Good morning, Runners. My name is Stephen Becker. I'm here on behalf of the petitioner of Illinois. We're here today on a case of first impression regarding Illinois' certificate of innocence statute. The question we have before us is whether a person wrongfully convicted under an unconstitutional statute is entitled to a certificate of innocence. This is a pure question of statutory construction. I think it's a very simple question, all revolving around the use of the word or. In elementary school district No. 159 v. Schmidt, the Illinois Supreme Court previously stated that or means or. It presents an alternative. And here the language of the statutes are clear and unambiguous. I think the plain language is very representative of what the legislature was trying to set forth in the certificate of innocence statute. The language that I'm referring to specifically is in subsection G2 and G3. Specifically in G2A, it states that a petitioner must present evidence that either the judgment or conviction was reversed or vacated. And it goes on, et cetera. And then it uses the word or, and then in subsection B, the statute or application thereof on which the indictment or information was based, violated the Constitution of the United States or the state of Illinois. And then in subsection G3, likewise we have the use of the disjunctive or, and it states that petitioner is innocent of the offenses charged in the indictment or information. Or, his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the state. Of course, this is the case where a statute is declared unconstitutional. Our reading of the statute is further supported by subsections C2 and D earlier in the statute that use identical language with respect to the presentation of a claim. And they refer to the unconstitutionality and the failure to constitute a felony or misdemeanor. Astonishingly, in the state's brief in this case, they do not even refer to this language or really make any argument with respect to challenging our interpretation of the use of the disjunctive or. And I think any contrary interpretation to the one we have presented to the court violates the traditional canon of construction that you cannot read out language in a statute such as to make other language superfluous. And of course, the state's reading would do that here. The state's position, as well as the trial judge below, held that you could only obtain a certificate of innocence in Illinois based upon actual, factual innocence. The state, however, cites no cases. I'm not aware that there are in Illinois at this point. But the only cases that they cite are from first, second, and third districts. And they refer to the distinction between actual innocence and a finding of not guilty. Of course, there is a distinction in the case law between those two constructs. But that's not what we're discussing here at all today. We're discussing whether a petitioner has a right to obtain a certificate of innocence based upon the unconstitutionality of the statute. Well, let me ask you this. In addition to that, looking at G3, obviously the state – we previously ruled, I believe, that the state charged your client with the unconstitutional form of DUW. Did – by possessing a loaded firearm on DOC property, did she violate any other statute of the state of Illinois? Since the – She was charged with the unconstitutional form. Right. The G3 says you've got to be – that the acts or omissions charged in the indictment did not constitute a felony – a crime, a felony of misdemeanor. Correct. So I guess my only question is, while they charged her with the form that was later ruled unconstitutional, do you know whether that – by possessing a loaded firearm on DOC property, did she violate any other statute of the state of Illinois? Well, I'm not aware, Your Honor. All I know is that the state didn't know the other charges in the case, and because of that, all we are dealing with here is the statute she was tried under, which was unconstitutional. So the state didn't know we passed several other charges against her, and they did not retry her on those charges. So the only issue really present here is whether those acts for which she was charged and the statute was found unconstitutional is pertinent. For example, Your Honor, there's another case pending in the Illinois Supreme Court that was just argued several weeks ago, Relaford, which deals with another constitutional challenge to the stalking statute, and it deals with whether a person can be found legally responsible for causing emotional distress. The appellate court in the First District found that case of the statute to be unconstitutional, and in the Illinois Supreme Court, they are dealing with whether that also violates the First Amendment. So let's say they find that it does violate the First Amendment, then even though he may have said things which under the old statute would have been considered potentially felonious, they clearly are not because they're protected by the First Amendment. Well, I guess, and I'm just trying to make sense of this statute, and Section G, and it's in the conjunctive, and then after that, and Section 4, the petitioner, by his or her own conduct, did not by his or her own conduct voluntarily cause or bring about his or her own conviction. How does one voluntarily bring about your conviction of unconstitutional crime and offense? Well, I don't see how you really can voluntarily. What the issue that that deals with, and there was a recent case just in May of 2017, People v. Elstree Simon, and that was a case which really dealt with Subsection 4 that Your Honor is referring to, and that was a situation where the defendant actually pled guilty to a murder, and then later on, many years later, he has now sought a Certificate of Innocence. So I think that is what the legislature was referring to there, because otherwise, no one would be able to get a Certificate of Innocence if they were convicted of a crime, because they'd always say, well, you did something for us to charge you. But I think what they're referring to here, and the issue is if you do something voluntarily, like plead guilty, later than Mr. Simon was released based on an investigation by the Cook County State's Attorney's Office, and then he filed for a Certificate of Innocence, and Judge Byrne in the circuit court denied him, and actually, even on this issue, he won on appeal, and the First District remanded it back for full evidentiary hearing for him to demonstrate why he, in fact, pled guilty. But that, I think, is an instance of voluntarily bringing about your own conviction. And in your honor, to also address your point, the state did raise this in their appellate brief, but that was never, this issue was never raised in the trial court. So it's my position that that argument is forfeited. The state never raised it, although, in addition, like you said, can you really voluntarily bring about your own conviction under unconstitutional statute? I don't think so. And then also, the state filed an additional authority under people versus homes. That case, I believe, is entirely an opposite. It had to do with the Fourth Amendment, the exclusionary rule, and a lockstep doctrine. Here, we're not dealing with any of those issues. We're just dealing with the plain language of the statute itself. Also, in people versus Gersh, which is one of the earlier Illinois Supreme Court cases on the void ab initio doctrine, the court did state that they always felt they had to, where there was an unconstitutional statute, remedy that by making their decisions retroactive. And I believe that is what the legislature had in mind here, was trying to remedy the problem of someone who, like my client, spent time in prison under an unconstitutional statute. By the way, assuming we agree with you, do you agree with the state that the Heminges issue goes to the court of claims and not the trial court? Your Honor, I do concede that. I have done further research on the issue. I think the statute, the way it was worded, was ambiguous because they used the words circuit court and court in the same sentence. So I had construed that potentially as meaning clerk of the circuit court and clerk of the court of claims. But upon further research, because it is ambiguous, I went back and looked at the earlier statute prior to the inclusion of the language regarding the certificate of innocence. And I do, in fact, agree with the state. The use of the word court was in the earlier statute prior to this. So I do concede that it is the court of claims that should determine the actual damages. And then just lastly, Your Honor, I do want to briefly argue why we think this case, depending on your ruling, should go back to a different judge. Judge Jones in the case clearly, I believe, prejudged this case in her opening line in her order. She said, to be perfectly blunt, this defendant was and is not innocent of this offense. Also, I cited People v. Sermano. Mr. Sermano is one of my former clients. And in the Sermano case, Judge Slattery-Boyle was removed on remand for failing to follow basic post-conviction law in that case. And I believe here I tried to raise this on reconsideration to the judge. I brought this entire statutory construction issue, and she just denied it. Well, not only that, I mean, the state, early on, the state offered an agreement where the defendant could go to jail. She did. And then in addition, she added on probation that was in violation of the statute in excess of the statutory limitation. And then she also revoked my client's bond and then had her go into jail for preparation of the PSI report, which she would have been aware caused my client to stay in jail over an extra month. So, based upon those reasons, I would ask that if the case is remanded, that it goes back to a different judge. If you have no further questions, I'll wait on your vote. Thank you so much, Your Honor. May it please the Court, Counsel. Of course, we're here on the issue of whether the Toronto Project properly dismissed, or denied, rather, Petitioner's petition for a certificate of innocence. And Petitioner first argues that standard review should be de novo, as this case presents an issue of statutory construction regarding the use of the word or in Section 2-702G2 and G3 and also in C2. But there's no issue here. The people agree that the word or was in these paragraphs means or. Well, the Supreme Court can't seem to make up their mind. And then because there's 651 speeding, they say or means and. In some cases, the Supreme Court says or means and. Well, certainly they have muddied the waters by making those kind of rulings. But if you look at the language of this particular statute, if you use the first condition or the second condition, those are exclusive. You can't have the first and the second. It must be the first condition or the second condition under the particular statute. The language used here. So it's pretty clear that the or actually does mean or. And it's not reasonable to interpret it differently in these sections. And this Court in Pollack found that ruling on the certificate of innocence, the standard of review, is abuse of discretion. In her brief, we acknowledge that the petitioner met all the conditions for Section 2-702C, but this only allowed her to file a petition for a certificate of innocence. And in her reply brief, the petitioner argued that if Section 2-702 allows the petitioner to file a petition for a certificate of innocence on the basis that the statute at issue was held to be unconstitutional, then it follows that the petitioner will be granted a certificate of innocence. The reversal of the convention, by any means listed in Subsection C, is only a precondition to filing the petition for a certificate of innocence. Subsection G details the evidence that a petitioner must prove in order to obtain the actual certificate of innocence. And Subsection G is worded in the conjunctive, where the word and follows the semicolon at the end of G. So the petitioner must meet the conditions in Subsections G-1 through G-4 to obtain the certificate. Subsection G-3 requires that a petitioner is innocent of the offenses charged in the indictment or information. It doesn't say charged and then convicted of those. It simply says charged in the indictment or information. Now, a petitioner is not innocent of the charges that were dismissed as part of the plea bargain, because these original charges, count one and two, charged her with bringing a gun and a cannabis onto prison grounds. Those were the two charges that were no props. She did have the gun, and the record shows that she also had cannabis in her vehicle. She was in the parking lot of the prison grounds after passing a sign that said she couldn't bring these items and that she would be searched. Just so we're clear, below, was this a case of a dismissal of the petition or denial of the petition after an evidentiary hearing? This was a denial of the petition. Also, G-4 states that the petitioner did not, by his or her own conduct, voluntarily cause or bring about his or her conviction. The fact that a conviction is vacated, even where the statute is later found to be unconstitutional, does not mean that the petitioner did not, by her conduct, cause her conviction. A person who is wrongly charged does not cause his or her conviction. That's a different situation, where that person is actually innocent because they never did anything to cause their conviction. They simply were wrongly convicted based on facts that were later found to be insufficient. In this case, as in Pollock, the petitioner is not guilty of aggravated or unlawful use of a weapon by virtue of court action. As this Court clearly stated, not guilty is not the legal equivalent of innocent. The Pollock Court quoted First District in Fields and noted that the plain language, Section 702, shows the legislature's intent to distinguish between a finding of not guilty and actual innocence of the charged offenses. The Second District in Dumas also distinguished the petitioner's actual innocence from a court's finding that the petitioner was not guilty of a crime. Dumas reiterated that courts take into account not only whether the petitioner was innocent, but also whether he may be deemed responsible for his own prosecution. Here, despite the fact that the AUUW statute was later held to be unconstitutional, the petitioner, by her own conduct, caused her conviction and she was wrongly charged. The petitioner was not guilty of a crime, but the court found that she was responsible for her prosecution. How could you be responsible for your prosecution of a crime that is unconstitutional? She still had the gun that she brought onto prison grounds. The fact that the counts that were specific to bringing the contraband onto the prison grounds doesn't change those facts. It doesn't change the fact that those charges were dropped. That's true. So there were no charges. Correct. Once they're dismissed, they go away. So those charges have gone away. All right. So she's not been charged with those things when they went away. They were dismissed, that's correct. So those charges have gone away and the other charges were found unconstitutional. The one remaining charge, yes. So what's left? The conduct that brought about the prosecution. There are no charges left. But the statutory language doesn't distinguish. There are no charges against her left. Not at that point, that would be correct. Your Honor, that's similar to where you engaged in a plea of stipulated bench trial and if the court reversed, the statute would still be in effect presumably, but then the court would be saying there's no conviction here. Therefore, we can't have a certificate of innocence because there were no we've determined that the acts didn't take place that caused the conviction essentially. And so it's a shading, if you will, of whether it was found to be unconstitutional. If there's no conviction and there's no guilt, then she's innocent? Not innocent, just not guilty. Not guilty, aren't you innocent? Not necessarily. For instance, in a discharge hearing, you find someone not guilty, but you don't find them innocent. And we did cite, I believe it was the Holmes case in a motion to add authority and the Holmes said that the void admonition doctrine does not found to be unconstitutional. So if we're not invalidating probable cause, are we stating that we also don't invalidate the acts that the defendant committed, despite the fact that the statute would later found to be unconstitutional? Doesn't G-4 limit us to the AUUW conviction? Well, in this case, it would because she was only convicted of the AUUW, that is correct. So that's what we're dealing with. No, we have to take all of the G factors into account. They're not independent of each other. There are ORs within the individual paragraphs, but if you look at G-3, they've got the semicolon and the word and, which is the indicator that G-1, 2, 3, and 4 all are read together as the elements that must be proven. Okay, I'm focusing on G-4, the one that says by his or her own conduct they did not voluntarily cause or bring about the conviction. My question to you is, can we consider any other of the charges that were made and dismissed, or are we limited in looking at just this one paragraph? Are we limited to the AUUW conviction? No, I don't believe you are limited to the AUUW because of G-3's language talking about the offenses that were charged. It doesn't, as I mentioned earlier, it doesn't say charged and then later you were convicted of those. It's just that you were charged under the indictment or information. But they were dismissed? Yes, they were, Your Honor. Of course, that's a fact. They were gone, so how were you using that section? Somehow they were revived? Only in the sense of actual innocence. So revived because you say they are? No, Your Honor. No. How did they get revived? How were they dismissed and now they're revived? They're only revived in the sense of the actual statutory language under G-3, which does not make a distinction. What section revives that? Where's the revival? Well, that would be 702 G-3. If you look at that particular language, So where's the revival language from that section? The petitioner is innocent of the offenses charged in the indictment or information. If you take that language on its own, it doesn't say charged and convicted of those. It just says charged with those. The fact that they are later dismissed voluntarily does not mean that the acts that led to those charges are completely gone, that she's totally innocent of any acts that ever happened simply because the state chose to continue on only one. So the fact that you're charged at a certain date, that charge always remains even though it was dismissed later on? Only for the one, that charge for that statutory purpose always exists even though it was dismissed later on, under your interpretation of that? We're talking about this case, this set of charges, and she's coming for the Certificate of Innocence based on the three charges that were brought here. So that always exists even though it's dismissed later on? But it's only in this context, Your Honor. Because we're looking at actual innocence, factual innocence, as opposed to legal innocence. And so in this case, because the language is dealing with acts that a person committed. So in this context dismissals don't matter? In this context only. Because again, we're dealing with actual innocence, where this person did nothing to bring about their conviction. So if they were charged with three offenses, and later on those three offenses are dismissed, and they're charged with a new one, would the new charge apply in this context? Are you talking about dismissed everything and we've re-indicted this person totally on a whole new case? They're charged with three offenses, or let's say four offenses, and they keep one of the offenses, dismiss three of them, and charge a new one. In your context, would the new one apply to this argument? The additional charge that would be brought in the indictment, assuming we don't have any speedy trial issues and all that sort of thing, I believe it would. So under your context, one charge of the cap would apply. The three that they dismiss would apply. And then the new one would apply too. As long as everything met the technical... Yes, technically it was correctly done. I believe under the Certificate of Innocence Statute, in this context, yes. And that is the language, because they did not make a distinction in the language between charging and also being convicted of the charges. And that's very specific, I think, to this particular statute for the Certificate of Innocence, because this completely wipes out everything that has to do with your charges and makes you totally innocent of any acts related to anything that you were charged with related to the crimes for which you were brought the petition for your Certificate of Innocence. So I think it's a very limited use just to the Certificate of Innocence procedure. Do you agree that this is a case of first impression? I don't agree totally with that, no. I think it's just a different way of bringing the argument, because there have been a variety of different arguments brought in the language of the statute very clearly allows one to bring a petition for the certificate if the statute is deemed to be unconstitutional. So I don't think it's a matter of first impression. It's just an argument that may not have been made in the same way in the past. But the language has been there for years, and it's in both Section C and G about the statute being unconstitutional as one of the grounds to bring the petition and one of the factors to consider in granting the petition. So is there authority for your theory that you're giving us this morning? I think the authority that we've cited, the Pollack, the Dumas, the Fields, I think those all support this theory. Because the way, as we quote, Pollack said, not guilty is not the legal equivalent of innocent. I think that's a support for our contention. Your Honor may disagree, but I don't believe there's a first impression really involved here. I do have to respond to the claim that this argument is made the first time on appeal, and the record does contradict this because people raise this argument in our amended objection to the petition for certificate of innocence and in the people's response to petitioner's motion to reconsider the denial of the petition. And at the hearing on the motion to reconsider, petitioner's attorney stated that the petitioner had to prove that she was actually factually innocent. So I believe this has already been raised at the trial level, and that's contradicted. That's factually innocent of a charge that was found to be unconstitutional. Well, the language in the case law is actually or factually in the equation. That would be true. That would be true, yes. The petitioner asked the court to assign to a new judge. We noted on page 10 of our brief that to disqualify a judge, courts require showing the factors including animosity, hostility, prejudice, arbitrariness. We don't believe the petitioner has demonstrated this. The rulings that the judge made below didn't demonstrate any of these factors. It may not agree with the judge's rulings, but that's a judgment called by the court. The judge only found that the petitioner was not innocent. That's not prejudicial. It's just a finding. Do you have any doubt about our authority to do that? To assign a different judge? No, I don't have any doubt about your authority to do so if you find there are proper grounds to do that. No, you're perfectly within your rights to do so. People ask this court to affirm the judge's denial of the petitioner's certificate of innocence. Any other questions, Your Honor? Proceed, Counsel. Just briefly, Your Honor, to your point, there is no revival language in the certificate of innocence statute that I can found. And in addition, I believe the interpretation of the state is directly rebutted by subsection G2. He spoke of the fact that it only refers to offenses that were charged in G3, but in subsection 2A, it says that the judgment of conviction was reversed or vacated. So it has to deal with the offense in which a defendant was You reckon this statute is geared toward somebody who was factually innocent of anything? And of course, if you're walking down the street doing something and you get arrested for it, they say, well, that's unconstitutional and call that a crime and you're factually innocent of committing a crime. But oftentimes, you get this is not unusual. Somebody's charged with, happened to some state's attorney, goes out and indicts somebody for five or six charges, come toward trial and decide, well, let's go for the gold and pick this. Oops, wrong choice, pick the unconstitutional version. But they were indicted and charged with something. So they now cross those things and they go to trial and, bang, convicted. But yet the evidence at trial showed that they were guilty of the not, maybe it's a lesser included, for example, that they weren't guilty of the valid charges that were, had been nollied. Is that what G3 talks about? In other words, well, you know, you get a windfall because the state's attorney picked the wrong thing or is this about people who are factually innocent of committing any of the crimes charged in the indictment? Well, Your Honor, I believe that it deals with the particular charge that the person was convicted on. The reason I believe that is supported by the statutory language is subsection G2A says the judgment of conviction was reversed. If the state decides to drop the charges, there may be other charges, but the fact that they dropped them, the only thing we're dealing with in the certificate, and the reason why I disagree with the state's interpretation is otherwise we would make the legislature's language regarding the unconstitutionality of a statute or the fact that it did not constitute a misdemeanor or a felony, it would write that out and make it superfluous. Well, doesn't your Your Honor, because G3 is drafted in the disjunctive and it reads Isn't it 1, 2, 3, and then and 4? Isn't that? Well, the state is correct that the four requirements under subsection G do include an and. That's in the conjunctive, but what we are looking at here, you asked about G3. G3 means the petitioner is innocent of the offense charged in the indictment. Offenses. Offenses. Yeah. Charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the state. So you have two alternatives. One is actual or factual innocence. The other is that the offense in which the person was charged is not an offense, meaning it's declared unconstitutional. But your client was charged with other crimes that were nolly-crossed. And by the way, nolly-crossing a charge doesn't make it void ab initio like it never happened, does it? That's different from an unconstitutional statute, but that's not what – but subsection G2, Your Honor, says that the judgment of conviction was reversed or vacated. That's another requirement. Here, the judgment of conviction was on the unconstitutional statute. Of course, but for that we wouldn't even be here. Correct. So we wouldn't even have anything to talk about but for that. So now, but you've got another hurdle to cross, and that is these nolly-crossed charges under G3 don't get to show that they were factually – either those things weren't crimes either, or B, you're factually innocent, you didn't do it. And is this statute about innocent people who got thrown in jail and didn't commit a crime, or is it about people who got a windfall because the state's attorney picked the wrong door when deciding which charge to go to trial even though they were charged with these crimes, nolly-crossed. And for example, if somebody – plea agreements. You charge somebody with five crimes, say, look, okay, they're going to plead the crime before we're going to nolly-cross the rest of them. Then they have a little change of heart. They go back and say, gee, I want to withdraw my claim. And they withdraw the plea. Well, those nolly-crossed charges aren't on the state to proceed with them at that point, right? Sure, but they did not here in this case, Your Honor, so that's a different situation. I mean, the nolly-cross doesn't make a charge like it just never happened. They were on the books. This person was charged with that. They weren't convicted of them. G-3 just says, it seems to me that G-3 talks about this statute is meant for factually innocent people who went to jail and having done nothing wrong, as opposed to somebody who got a windfall by virtue of the state's unfortunate choice of which charge to proceed with. I don't understand, Your Honor, how my client received a windfall. The fact that she was in prison under an unconstitutional statute. Well, I'm saying that they would – okay, I can't argue with that. But if the – but under the usual account, she likely would have gone to jail on one of the nolly – one or more of the nolly-crossed charges. Then we wouldn't likely be here, but the fact is this is what the state did. They exercised their discretion. And also, just because you have a charge as well as instruct juries, an indictment is not evidence at all. I mean, just because the state charges someone doesn't mean they're guilty of that charge. Well, I get it, but G-3 talks about, gee, which of these folks out here came through the criminal justice system are we – do we owe money to? Do we think we ought to pay because they got a raw deal? Well, the legislature has made it very clear, I believe, from the language that it includes people who are both actually factually innocent and those who have also been in prison under an unconstitutional statute. Otherwise, how could we read this statute validly because the legislature has included language with respect to unconstitutionality of a statute? And, of course, as you mentioned, Your Honor, how – you are actually factually innocent if you were convicted under an unconstitutional statute. Can you go after your client on some of the nolly-cross? No. No, Your Honor. And certainly, there's no – and I don't dispute that. You can't be factually guilty of unconstitutional offense. There's no problem with that aspect. But G-3 is what I'm having trouble with. But, I guess, Your Honor, again, G-3 is restricted by G-2A, which says that you have to demonstrate a judgment of conviction was reversed. My client was never convicted on these nolly-cross charges. So those would not apply, and there is no language retrieving those charges. I mean, nolly-cross – those charges are gone. We are here based on the one conviction charge that she had, which the Illinois Supreme Court declared unconstitutional. So in your reading, let's suppose – let's take a – go to trial on all these charges, okay? But then, there's no conviction without a sentence, right? Correct. So you go to trial, and let's just say burglary, okay, and – or some crime where you've got a lesser-included. So they prove up – and the State goes to trial on both the lesser-included and the charge. Of course, I find you guilty, but I can't also sentence you on the lesser-included offense, so therefore, there's no conviction on the lesser-included offense, just on the primary offense, okay? Turns out, the primary offense is unconstitutional, but those lesser-included were never held unconstitutional, but there's no conviction because – at the time of sentencing, anything like this. So they're – that crime's unconstitutional. You're found not guilty. Now, certificate of innocence because the other – because it was never convicted of the lesser-included, because they were never sentenced on them? Your Honor, I can actually address that, because the Illinois Supreme Court fairly recently dealt with that exact issue in the case of People v. Mosley. This was a case falling under the AGUW statute, and there, what happened is the court declared certain parts of the statute unconstitutional, and others were not. Those dealing, for example, with concealed carry permit or a failure to have a FOIA card. But what they did say is, under the parts that were found unconstitutional, it referred to a sentencing provision, and in that particular case, the judge had given a lesser-included AGUW conviction to the defendant, and the Illinois Supreme Court actually threw that out, and they said that was improper under the void ab initio doctrine, because in fact, if the greater offense is found unconstitutional under Gersh, you cannot find the defendant then guilty of a lesser, because you cannot be convicted at all under an unconstitutional statute, either for the greater offense or for a lesser. So the Supreme Court in Mosley, which I believe is a 2015 case, exposed directly to that issue. So you can't be – so even though the lesser is not unconstitutional on its own, because it was – Because it was assumed under the greater offense that was unconstitutional, the Supreme Court said that that falls, because no one can be punished under an unconstitutional statute. And I probably used a bad example here, because I'm thinking there's times when, okay, gee, you can't convict him of that, and so the case gets sent back and say, now that sentence is gone, resentence him on the other. But again, here, I think that the statute speaks specifically to a conviction, and here the conviction was on an unconstitutional charge. So I hope that answers your question. Thank you. Thank you so much, Your Honor, for your time and attention. Thank you. Thank you both for your arguments. In this case, we'll take them under advisement.